Case number 16-1028 at L. Browning-Ferris Industries of California, Inc. Doing business at BFI New Bay Island Recycling Petitioner vs. National Labor Relations Board. Mr. Deidelberg for the Petitioner, Ms. Burdick for the Respondent, and Mr. Becker for the Intervener. Good morning. Good morning, and may it please the Court, Joshua Deidelberg appearing for Browning-Ferris. Chairman Ring, in his letter and the other Board materials, indicate that the Board has initiated a process of joint employer rulemaking, that this process will be comprehensive, and that they intend to issue an NPRM as soon as possible, Chairman Ring indicated, certainly by this summer. Now, no one can say what the precise outcome of that process will be, and nor will those rules literally govern this case. However, the Browning-Ferris landscape is likely to significantly change. Not only is the joint employer common law standard likely to differ in some respect from the Board's current test, but also, as Chairman Ring indicated, the Board is going to be addressing, I quote, it's going to provide clear and useful guidance to its stakeholders regarding the contours of a joint employer relationship, which many believe Browning-Ferris expressly left undefined, close quote. Those undefined contours seemingly would include the kind of intertwined deficiencies that we raised in our merits briefing, and were addressed in the Browning-Ferris dissent. Issues such as, what are the parties actually supposed to bargain over? How does control get reallocated, if it even can be? If a new prospect of rule were to issue four months from now, you would still have this unfair labor practice determination, and that wouldn't go away, correct? Well, if the case were remanded, one would expect that they would reconcile this case with their rulemaking efforts. Suppose the rule that emerges from the rulemaking is essentially the same as existed before your case, okay? Yes. If that rule were applied to Browning-Ferris, why would that be retroactive ruling? If the only thing the board did was reinstitute the situation that existed prior to their decision in your case, I don't see how that's retroactive. No, I don't think it would be retroactive. In addition to the common law standard, they may also, again, address issues that they left undefined, which we raised in our briefing, such as the basic operation of any standard, which could have an impact on the outcome of the case. I just want to get back to my question, and that is, again, I assume there's a rule in four months or so that's prospective only. Right. You already have a board-adjudicated finding of an unfair labor practice and a remedy. Are you aware of any situation in which a prospective-only rule was then held by the board to undo a past closed unfair labor practice determination? No, but at the same time, neither the board nor the intervener has cited any authority where, if this case were remanded, that the board couldn't hold it in abeyance. Well, this is my first time. Again, just assuming all kinds of hypotheticals here, but the board has changed rules in a variety of areas. They evolve. They change over time. They identify new concerns and factors. They take away factors, and they do those things prospectively, but past determinations still have to be dealt with on their own terms, and I should think your company would actually like to have an answer to its petition as to whether the finding of an unfair labor practice was right or wrong. I assume you still would like an answer to that? Yes, I mean, certainly— You could dismiss your petition from this board if you didn't want an answer from this board. No, we want an answer. I think the expectation and the reason that we're filing this motion is that the board is plainly dissatisfied with its current approach, and the likelihood is that it's going to develop a different approach, either as to the common law standard itself or to these broader issues, you know, that is going to be more aligned with my client's interests. That may be a fair interest, but one thing that's clear from the chairman's letter to the senators is that the board has decided that this is an issue better handled in rulemaking than in adjudication, and he says that in the letter. Now, whether he's speaking for a majority of the board or not, I don't know, but he's certainly speaking for himself, which raises an interesting question because you argued in your brief that the review that this court conducts of the board's determination of what the common law was in 1947 is de novo. Yes. Right? The board argued otherwise. Right. But let's suppose that your view prevailed, and we go ahead and decide this case despite dependency of the rulemaking. Does that mean that from that point on, the rulemaking is short-circuited? Because it doesn't matter what the board says. We have pronounced de novo what the law of 1947 was, and that's controlling in the future, is it not? I guess it would depend on whether your decision is more diagnostic rather than decisional, whether you're saying to the board what they can't do or giving them parameters of what they can do versus potentially making a definitive statement of what the common law requires. Suppose we said there was no such thing as inferred control or indirect control or potential right to control. The common law was it has to be direct control. Suppose we said that. And then the other complication is, I'd like you to comment on this, that every case, every board case potentially can be heard by this court. The other circuits, you know, it's a geographic determination because the board's here. The venue is proper, and this court can review every single board case depending on whom. If the units start losing because of the new rule, they can file for review in this court, and then our court, unless it's embanked or the Supreme Court reverses, we're bound by a ruling about what the common law was in 1947 in every case. I mean, if indeed the board goes ahead with rulemaking, which it certainly seems that they're going to do, presumably somewhere at some time that rulemaking is going to be reviewed, possibly in this court. And I guess the consideration for the court is in light of this rulemaking effort, which again I understand to not simply address the common law standard, but to address a more comprehensive set of operational principles, other scenarios, et cetera. You know, whether it makes sense for the court to issue a decision, given that they're going to be doing that comprehensively, and potentially that effort will be reviewed at some point. So your position is that the board gets no deference to its determination of the scope of common law, correct? That this court is not required to defer to the board's common law. That's your position, they get no deference on the content of the common law? Yes. Right. And that would be the same whether they did it through adjudication or rulemaking? Yes. And then one thing I'm curious about is, it seems clear from Supreme Court decision making that the board's definition of employer cannot be broader than what the common law recognized. Yes. Could they say, here's where we think the common law circle is, but for some of the operational, practical, technical reasons, difficulties of doing collective bargaining, we're not going that far, we're drawing the circle a bit smaller. Can they go that direction? Or must they always use the definition of employer to the fullest extent of the common law, not a step over the line, and not a step under the line? I mean, certainly they have to act compatibly with what the common law is, which ultimately is going to be a judge-made enterprise. Beyond that, I think they can... Well, I know what you mean by compatible. They can't overshoot. Their senior position is they can't overshoot the common law. Right. They can't have a broader definition of employer. Right. But do they have to sweep in everybody that the common law might say is an employer, or could they decide that it would be impractical? Collective bargaining wouldn't work in particular circumstances or particular lines or factors, and so we're going a bit narrower. Is that within their bailiwick, or must they use the full common law definition? I think potentially, yes. I mean, it can be, you know, obviously a bit of a debate in terms of what the common law requires in this area. Well, I think Hayes, they had a two-pronged, was, okay, even if we decide you're an employer, we're going to look and see whether or not collective bargaining is practical, can practically work. You didn't ever challenge that aspect of it. So that seems to me, since you didn't challenge it, you must agree that they can go narrower, they just can't go broader. You argued that the rule that came down in your case should not be applied to Browning First retroactively. Yes. What's your view? Would the rulemaking affect that argument one way or the other? Well, I don't think so. I mean, if the case were remanded and the court wanted to reconcile a disposition of this case with the rulemaking, I mean, it seems to me one thing that they could do on remand is effectively quarantine this case, you know, is essentially decide for equitable reasons, and reasons, you know, given the fact that there are subsequent developments, that they're not going to make this doctrine retroactive to these parties, which I think would effectively freeze the case and quarantine it, and then going forward, the rulemaking standard would apply to cases. Thank you. Over to the Board now. Thank you. May it please the Court, Ruth Burdick appearing for the National Labor Relations Board. Good morning, Your Honors. I'd like to begin by restating the Board would like the Court to continue to process this case in the regular course and reach a decision on the merits. We have to remember that this case involves an election that was held in 2014 in a unit of 200 employees who voted for representation and are still awaiting their resolution of their bargaining rights. And here we have a situation where the Board, as we know, issued a rule in adjudication. The norm is retroactive application. Nothing else has been argued to this point. It's not the norm in the Fourth Circuit anymore, is it? I haven't looked at that, Your Honor. But here with adjudication in this case, the other side didn't even. I'm talking about Board decisions in the Fourth Circuit now. They're not, I think this is right, they're not just accepting that the Board decision is retroactive? Well, there's a test for retroactivity, and the test that was applied here by the Board wasn't rebutted, the presumption of retroactive application wasn't rebutted. Well, since you're on that, are you familiar with the land-grant Supreme Court's opinion on retroactivity? No. This is what the Court says.  It attaches new legal consequences to events completed before its promulgation. Right? Right. So there's no question that in this case, that would be the Browning-Ferris, applying the Browning-Ferris decision would be retroactive. But I want to ask you also, let's suppose that the Board in the rulemaking goes back to the situation that existed before Browning-Ferris. And if you read Landgraf, applying that rule from a rulemaking would not be retroactive, because it's not attaching new legal consequences to events that already occurred. What it's doing is, in fact, putting the situation back to where it was. Yes, Your Honor. I'm familiar with that principle. I wasn't familiar with the case name. But in that situation, there wouldn't have been. A reasonable reading would be that there would be no retroactive effect on the prior rights of the parties. There wouldn't be a change. And that would be a different situation. If the Browning-Ferris case was still pending before the Board, what I'm suggesting is that if the rulemaking winds up in a situation that existed before the decision in this case, applying that new rule to Browning-Ferris would not be retroactive rulemaking. I think that that's a reasonable reading of the test. Of course, the Board hasn't determined that. But from my opinion, that's a reasonable reading. But here, it's very clear that we have a case where the rule was issued or clarified in adjudication. The norm in this case is retroactive application. To some extent, their motion attempts to escape that effect and come under cover of gaining some benefit from the future rule that should be prospective. Suppose we agree with Browning-Ferris that our review is de novo about what the law was in 1947. And we go ahead and decide this case according to your urging. Wouldn't that short-circuit the rulemaking? Because now we've pronounced what the rule is. Well, it would be a consideration, and the Board, as it proceeds with rulemaking, intends to consider all precedent, all factors, and all comments from parties. And so that would be one thing it would be considering, but it might not be the total sum of the rulemaking process. But it would be something the Board, as Chairman Ring stated in his letter, the Board is open, and he is open to hearing all parties, all positions, all considerations as they move towards rulemaking. Where would the rule be reviewed? Where would judicial review be for this rule that comes out? In the past, it went to the district court first in the prior rulemaking. No, what court? Excuse me? The rule. After the rulemaking, the rule comes out, and somebody wants to challenge it, right? Are there any options other than this court? Well, they would normally go to the district court first, and typically the other side would seek to adjoin it if the Board hadn't itself independently decided to hold the rule. Oh, it wouldn't be direct review in this court? That's my understanding. It wouldn't actually go to the district court first, and that's the procedure. In the American Hospital case, the Supreme Court case, the Board filed a brief in that case that set out the entire history of the health care rulemaking, which is the most analogous to the one that the Board is planning on embarking on here, and you can see the entire process and procedural history it went through. But I want to make clear, though, that Chairman Ring's letter, although he stated clearly that the majority of the Board is committed to going to rulemaking, and they're in the process of going through internal preparations to do so, the statements in his letter were his own, but the one statement that is clear is that he's keeping an open mind, and I just wanted to make sure that I have that on the record, given your discussion. Are you suggesting there might not be a rulemaking? Well, they're committed to rulemaking, and they anticipate, as his letter stated, they anticipate issuing a notice of proposed rule sometime this summer. That statement was made in early June. But I want to emphasize, though, that to reiterate, the Board really does believe that this court should proceed to decision on the merits, and there's no reason other than that to even consider a retroactive application. When you say the Board wants to, did you take a poll of the Board members? I'm standing before you, Your Honor. I'm authorized to represent the Board in the Board's position that the Board would like this case decided. Yeah, well, usually when you stand before us, the Board has made a decision in writing, and you're defending an order and an opinion. But we don't have any order, and we don't have any opinion regarding whether the Board wants to go forward with this case while the rulemaking is pending. And so I'm asking you, you know, has the Board voted on that issue? Well, I'm post-decisional counsel, and the general counsel is the one who prosecutes and comes and defends or seeks enforcement in this court. I am not privy to the Board deliberations and such things as votes. So you're stating the general counsel's view. I believe if the Board consulted with the general counsel, if they had a different view, we would have heard it. But the position of the papers stands. And I do want to note that when we're talking about what happens if this case were remanded, if it were remanded on the merits, of course, the Board would proceed with following the court's instructions and limiting its decisional position and all of its determinations in line and consistent with that decision. Here, if this court were to remand on the basis of news that a rule may be coming out, rulemaking may be undertaken, there's many different options the Board could potentially have that has discretion in deciding how to handle its pending cases. And I just want to note that back in the health care rulemaking, which is the most analogous to here and very informative, the Board, shortly after the notice of proposed rule, issued its decision in St. Vincent, in which it decided that it would not hold cases because it didn't want to hold parties' rights in limbo and wanted to go ahead and decide them and decided the best course was to decide those cases under extant law. So it applied an old disparity of interest test to health care unit determinations. And it did so during the entire rulemaking procedure and actually after the rulemaking procedure through the multiple phases of court review. So the idea that this case, if passed, is prologue, and it might not be, if this case were remanded on the terms that the other side asks for, there's a very good chance that this case would not be able to be held and decided later under a final rule. And, in fact, the Long Island case that I believe my intervener, Counsel, has cited, the Second Circuit rejected a situation where there was a very, very, very old case pending before the Board for years and years. And it was pending throughout the rulemaking process. And when the final rule was finally upheld by the Supreme Court in American Hospital, the Board applied the new rule to that case that had been pending before it, and the Second Circuit said that was an improper, retroactive application of a new rule. So there is some precedent out there. The Board will consider all precedent, all considerations, all guidance and instructions from this Court, and it will proceed with its internal deliberations. And, hopefully, the notice of proposed rule will be out as the Board anticipates in the summer. And, hopefully, soon after that, it will issue some guidance on how it plans to handle pending cases, such as it did in St. Francis. The issue whether the rule applies to pending cases is potentially... That's not the same as retroactive rulemaking, prospective rulemaking. And we've had that conversation here. But whether it applies to pending cases would be a potential subject of the rulemaking itself, wouldn't it? Well, looking back at the health care rulemaking, at the notice of proposed rule stage, soon after that, it issued St. Francis, which gave that guidance I just mentioned. And during the process of rulemaking, the Board attempted in its second notice, after it revised due to comments, it set out a more detailed procedure for handling pending cases, which then it pulled back from probably after Bowen, the Supreme Court decision Bowen issued. But there were several different enunciations of how pending cases would be held. But the Board came out right there, it believes. And it may return to that same formulation because that's the experience. But, as I've said before, the Board is open to all precedent. It will review all precedent, all factors. It will take opinions from other parties during the rulemaking process and attempt to arrive at a very fair handling of such matters. Thank you. And again, the Board asks that you please proceed to decision. Good morning, Your Honors. My name is Craig Becker. I represent the Intervenor Union. I'd like to just make two very simple points. First, this case arises out of an election which took place on April 25, 2014, more than four years ago, in which employees who stand sorting garbage on moving lines all day voted overwhelmingly to be represented by the union. They're still waiting for that representation. Secondly, and relatedly, this motion is built on speculation, piled on speculation. You have before you a statement of the chairman. I thought the question here was whether Browning-Ferris was also an employer of those 200 people on the line. That's correct, Your Honor. There's no question that the company that hired them is their employer. That's correct, Your Honor. Are you telling me that they're not bargaining with that company? I'm telling you that they are not bargaining, as we argued in the original argument, with one of the two employers who controls essential terms and conditions. They have a collective bargaining agreement. They have a right to bargain with the lead point, the supplier-employer. What's the name of that? I forgot. Lead point. Lead point. Do they have a collective bargaining agreement with the lead point? Actually, Your Honor, I can't tell you. That's not in the record, and I can't tell you that at this point. You don't know? I'm not involved in the bargaining. The important point, though, I'd like to make- You're representing the union. That's correct, Your Honor. You don't know whether they have a collective bargaining agreement with these 200 people? That's correct. It's not in the record, and I'm not involved in the bargaining. The important point, I think, is that we don't know what's going to happen. We have a statement of the chairman. We have no statement from the board. The only statement- So the board's order here, which lead point never challenged, was for lead point and Brian Ferris to bargain together with the union as joint employers. Lead point never challenged it. So could you have a collective bargaining agreement just with theoretical matters? Is that possible if there's a board direction that they should be done jointly? It is possible. The order of the board in this case was that the parties would bargain over those terms and conditions which they control. Lead point concededly controls some terms and conditions. Browning Ferris, as we've argued, controls some terms and conditions, very important ones like the speed of the line on which the workers are sorting the garbage. So they each have an obligation under the board's order to bargain over those terms and conditions that they control. So even if there were just hypothetically a collective bargaining agreement with lead point, it wouldn't cover, in your view, all the terms and conditions of these employees? That's correct, Your Honor. But I think the important point for this motion is that all we know from the board itself is that they placed in their notice to OIRA that there was a possibility of rulemaking on this subject. So here's the pile of speculation. There may never be a notice of proposed rulemaking because we don't know the opinions of anyone other than the chairman. We don't know if that notice of proposed rulemaking will lead to a final rule. Sometimes they don't. We don't know what that final rule will say. We don't know if that final rule will change the rule laid out in Browning Ferris. And finally, even if it does change that rule, we don't know if it will change the rule in a way which would be relevant to this case. As you know, we argued in the original argument… Your speculation, board counsel has just represented to us that there's going to be a rulemaking and a notice issued this summer. I think board counsel was being respectful of the chairman's statement, but all we have is the chairman's statement. We have the chairman's statement… But I have the chairman saying a majority of the board has decided to conduct rulemaking. Well, all we know is what's in the… What do you have that's on the other side of that? Well, I only know what's in the public record, and the board as an institution speaks through the public record. And all the board as an institution has placed in the public record is in its regulatory agenda filed with OIRA. They say there's a possibility of rulemaking on joint employment. But there's a number of steps before that rulemaking is even potentially relevant here, even if it would apply retroactively. And as we argued in our original argument in this case, this case should come out the same even if they reverted back to the original standard because of the degree of direct control exercised by Browning-Ferris. So when you put those two together, the fact that these workers have been waiting for over four years to bargain with an employer who controls important terms and conditions of employment, the fact that Browning-Ferris concedes there won't be a direct application of any rulemaking, and the speculative steps you have to go through to determine that that rulemaking might even be relevant to this case, we would argue that the court should proceed to decide this case on the merits. Thank you. Thank you. I think Mr. Doldberg has no time left. We'll give you two minutes. Before you get into your argument, do you know where pending – is there any pending legislation dealing with this issue? My understanding is that there was legislation that roughly tracked the direct control standard or the prior standard that had passed the House and I believe is pending in the Senate. I'm not aware, though, that it's being actively brought up. It passed the House? Yes. I believe it's called the Save Local Businesses Act. Just briefly, first of all, I presume that the chairman in his letter is accurately reflecting the state of the board, that they are going to engage in rulemaking. In Highbrand, you had a situation where even though ultimately the decision was vacated, you had two board members who expressed dissatisfaction with the current state of affairs and Chairman Ring would be a third board member who has expressed dissatisfaction with the current state. So I would take them at their word. In terms of whether the union could – No dispute, though, that rulemaking can be a long and convoluted process. It can. It can. In terms of bargaining, it's certainly possible for the union to bargain with Leadpoint based on if Leadpoint were to accept the board's finding, there's nothing in the record in terms of what's actually happened, so I can't speak to that. Finally, I don't minimize the impact of this case on the individual litigants, including Browning Ferris. I think the reality, though, is that everyone understands that in overturning a 30-year standard, in a matter of some importance, that it's going to take some time for the state of the law to reach a point of repose. Do you have a sense of – you may not know, but do you have a sense of how many other decisions were decided under the test adopted in your case? Well, I believe – Yes. To my understanding, the board has issued one additional joint employer case, which was actually cited in our briefing. I think it's called retroenvironmentum or something along those lines. And anecdotally, I think there are a handful of cases with joint employer implications that are currently pending before the board. That's my understanding. Thank you. Thank you very much. The case is submitted.
judges: Millett, Millett, Wilkins, Wilkins, Randolph, Randolph